UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA B. BUSTOS,<br><br>Plaintiff,<br><br>v.<br><br>CHASE BANK N.A.,<br><br>Defendant. | Case No.: 16-CV-0822-AJB-KSC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>(Doc. No. 28) |

This matter is before the Court on Defendant JPMorgan Chase Bank, N.A.'s ("JPMorgan") motion to dismiss Plaintiff Linda B. Bustos's ("Bustos") third amended complaint.[1] (Doc. No. 28.) The Court finds the matter suitable for disposition on the papers, without oral argument, pursuant to Local Civil Rule 7.1.d.1. Accordingly, the hearing date currently set for *May 4, 2017*, is hereby **VACATED**. For the reasons set forth below, the Court **GRANTS** JPMorgan's motion and **DISMISSES** this case **WITHOUT LEAVE TO AMEND**.

## BACKGROUND

The Court assumes this dispute arises from JPMorgan's foreclosure or attempted foreclosure of Bustos's residence. The Court makes this assumption based on the sparse

---

[1] JPMorgan contends Bustos has erroneously sued it as Chase. (Doc. No. 28-1 at 2.)

allegations contained in prior iterations of the complaint[2] because the TAC contains only two factual allegations: (1) JPMorgan "did not follow the strict rules of The Dodd Frank Act"; and (2) Bustos "never rejected any offer from" JPMorgan. (Doc. No. 26 at 1–2.) Bustos seeks $75,000 in damages for "the action of [JPMorgan,] which causes mental, physical, and emotional stress, sleepless nights with the idea of the possibility of her losing her home." (*Id.* at 2–3.)

Bustos instituted this lawsuit on April 7, 2016, by filing the original complaint. (Doc. No. 1.) Because Bustos sought leave to proceed *in forma pauperis*, (Doc. No. 2), the Court screened the complaint pursuant to 28 U.S.C. § 1915 and found it failed to state a claim, (Doc. No. 3). Thus, the Court dismissed the complaint with leave to amend and denied as moot Bustos's IFP application. (Doc. No. 3.) Bustos was given sixty days from that order's issuance to file an amended complaint. (*Id.* at 4.)

On May 16, 2016, Bustos paid the filing fee. (Doc. No. 4.) She then apparently served an amended complaint on JPMorgan on May 31, 2016, but did not file it with the Court. (Doc. No. 7-2 ¶ 4.) JPMorgan successfully moved to dismiss the unfiled amended complaint on June 21, 2016. (Doc. Nos. 7, 12.)

Bustos filed the second amended complaint on August 11, 2016. (Doc. No. 13.) JPMorgan again successfully moved to dismiss the complaint. (Doc. Nos. 15, 16, 22.) The Court required Bustos to file a third amended complaint no later than December 2, 2016. (Doc. No. 22 at 8.) When that deadline came and went without an amendment filed, the Court *sua sponte* extended the deadline to February 3, 2017. (Doc. No. 25.) Bustos filed the now operative TAC on January 12, 2017. (Doc. No. 26.) On January 20, 2017, JPMorgan filed the instant motion to dismiss. (Doc. No. 28.) The motion has been fully briefed. (Doc. Nos. 32, 33.) This order follows.

---

[2] Those allegations include the following: that Bustos submitted a qualified written request and loan modification or loss mitigation package to JPMorgan on February 12, 2016; and that JPMorgan failed to notify her within five business days of receipt of her loan modification package. (Doc. No. 13 at 1.)

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Plaintiffs must also plead, however, "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true "merely because they are cast in the form of factual allegations." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

Where dismissal is appropriate, a court should freely grant leave to amend. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009). However, where it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment," the action must be dismissed without leave to amend. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam).

## DISCUSSION

JPMorgan again asks the Court to dismiss Bustos's complaint with prejudice. JPMorgan predicates its request on the fact that the complaint has devolved to the point of incoherence, containing absolutely no factual allegations to provide it or the Court notice

of what Bustos's claims and injuries are. This time, the Court agrees that dismissal without leave to amend is appropriate.

In its last order dismissing the SAC for failing to state a claim, the Court determined Bustos sufficiently pleaded that she sent a loan modification package to JPMorgan and that JPMorgan failed to respond within five days of receipt. (Doc. No. 22 at 6–7.) However, the Court noted one deficiency that was fatal to her 12 C.F.R. § 1024.41(b)[3] claim: Bustos failed to allege when a foreclosure sale was scheduled. (*Id.* at 7.) The Court stated that § 1024.41(b)(2)(i) required Bustos to have sent her loan modification package to JPMorgan "45 days or more before a foreclosure sale[.]" 12 C.F.R. § 1024.41(b)(2)(i). Accordingly, failing to include when the foreclosure sale was scheduled was "fatal to the SAC's sufficiency." (Doc. No. 22 at 7.) *See also Thomas v. Wells Fargo Bank, N.A.*, No. 3:15-CV-02344-GPC-JMA, 2016 WL 1701878, at *5 (S.D. Cal. Apr. 28, 2016) ("By [its] plain terms, § 1024.41(b) applies where a servicer receives a loss mitigation application '45 days or more before a foreclosure sale' . . . . [T]he Court construes th[is] phrase[] to have [its] plain meaning: when a servicer receives a loss mitigation application the requisite amount of days before a foreclosure sale occurs, the servicer must comply with the applicable requirements of [§ 1024.41(b)]").

For this reason, the Court dismissed Bustos's § 1024.41(b) claim. The Court, however, granted Bustos leave to amend "[b]ecause the Court had not commented on the complaint's sufficiency as to this claim in its prior orders dismissing the complaints, JPMorgan cite[d] no authority in its motion to dismiss as to this particular claim, and Bustos is proceeding *pro se*[.]" (Doc. No. 22 at 8.)

Since this case's inception over one year ago, Bustos has attempted to state a claim

---

[3] 12 C.F.R. § 1024.41(b)(2)(i)(B) requires a servicer to "[n]otify the borrower in writing within 5 days (excluding legal public holidays, Saturdays, and Sundays) after receiving the loss mitigation application that the servicer acknowledges receipt of the loss mitigation application and that the servicer has determined that the loss mitigation application is either complete or incomplete."

in four versions of her complaint. Notwithstanding the Court's clear directive that Bustos must provide the date of the foreclosure sale, Bustos has failed to do so. And, as JPMorgan points out, the TAC does not even include the allegation that JPMorgan failed to acknowledge receipt of a loan modification package. In fact, the TAC contains no causes of action at all. Rather, the TAC and Bustos's opposition to JPMorgan's motion are preoccupied with "dual tracking,"[4] but neither includes any factual allegations from which the Court can assess whether any of JPMorgan's conduct violated any laws.

## CONCLUSION

Because the operative complaint contains no causes of action or factual allegations, the Court **GRANTS** JPMorgan's motion to dismiss. (Doc. No. 28.) Given that the operative complaint represents Bustos's fourth attempt to state a cause of action, and in light of Bustos's failure to cure the simple deficiency the Court noted in its prior dismissal of the complaint, the Court finds it is "absolutely clear that the deficiencies of the complaint [cannot] be cured by amendment." *Broughton*, 622 F.2d at 460. As such, the Court **DISMISSES** the complaint **WITHOUT LEAVE TO AMEND**. This case is now **CLOSED**.

Dated: April 19, 2017

Hon. Anthony J. Battaglia
United States District Judge

---

[4] According to Bustos's opposition, dual tracking is "the process in which a bank claimed that it is working on a loan modification package for the defendant while foreclosing on the borrowers [*sic*] property at the same time." (Doc. No. 32 at 1.) However, the Court notes that the letter Bustos received from Chase, which she attached to the SAC as Exhibit 1B, shows that Bustos was *not* eligible for a loan modification. (Doc. No. 13 at 9–10.)